```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```
                                  *
WILLIAM A. TACCINO,
                                  *
     Plaintiff,
                                  *
          v.                              CIVIL NO.:  WDQ-09-2921
                                  *
ALLEGANY COUNTY, *et al.*,
                                  *
     Defendants.
                                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

William A. Taccino filed a 39-count complaint against eighteen defendants,[1] alleging violations of the United States Constitution and Maryland tort law. Pending are motions: (1) to dismiss or for summary judgment by CBC and Aydelotte; LaVale, Yockus, Miller, Jiffy Lube, and Joy; and the Allegany County Defendants; (2) for Rule 11 sanctions against Taccino by CBC and Aydelotte; (3) for sanctions against Miller and his counsel by

---

[1] The Defendants are: Allegany County and eight of its officials (James J. Stakem, Robert M. Hutcheson, Dale R. Lewis, Jerry W. Michael, David A. Eberly, Gary E. Moore, William M. Rudd, and Barry R. Levine)(the "Allegany County Defendants"); Tri-County Council and its director, Marc C. Malec; LaVale Civic Improvement Association ("LaVale") and its president, Paul Yockus; John M. Miller, personal representative of the Estate of E. Dale Miller; Jiffy Change Tires & Lube ("Jiffy Lube") and its employee, Kenneth R. Joy; and Cumberland Broadcasting Company, Inc. ("CBC"), and its employee, David N. Aydelotte. On July 12, 2010, this Court dismissed the claims against Tri-County Council and Malec. Paper No. 55.

Taccino; (4) for sanctions by LaVale, Yockus, Miller, Jiffy Lube, and Joy; and (5) for voluntary dismissal of the Allegany County Defendants by Taccino. For the following reasons, judgment will be entered for the Defendants, and Taccino will be sanctioned in the amount of $100.

I. Background[2]

On February 1, 2007, Taccino entered an agreement with E. Dale Miller to purchase property at 10 National Highway in LaVale, Maryland ("the Property") for $125,000.00 ("the Agreement"). Compl. ¶ 42. Under the Agreement, Taccino was required to make monthly payments of $969.18 to E. Dale Miller. Paper No. 26, Ex. A. After making his initial payment and taking possession of the Property in February 2007, Taccino made no further payments under the Agreement but retained possession until February 2008. William A. Taccino Dep. 26:20-28:6, Dec. 14, 2009.

Taccino planned to remodel the existing building and open a classic and antique automobile restoration shop and museum on the Property. Compl. ¶ 39. To finance this project, Taccino sought to obtain an "SBA loan," but the Tri-County Council

---

[2] For the motion to dismiss, the well-pleaded allegations in the Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). For the motions for summary judgment, Taccino's "evidence is to be believed, and all justifiable inferences are . . . drawn in [his] favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

2

denied his request for that loan in June 2007.  *Id*. ¶¶ 38, 41, 48.

Taccino received notices from Allegany County officials alleging various violations and demanding that he remove his vehicles from the Property.  *Id*. ¶¶ 47, 51, 60.  He called the Maryland State Police several times to complain that Jiffy Lube and its customers were parking illegally on the Property.  *Id*. ¶¶ 43-45.

On January 14, 2008, Taccino received notice from E. Dale Miller, or his representative, demanding that Taccino pay the balance due under the Agreement or vacate the property within 30 days.  *Id*. ¶ 75.  Taccino made no payment and vacated the Property in mid-February 2008.  *Id*. ¶ 90; Taccino Dep. 26:20-27:9.  On February 16, 2008, E. Dale Miller died.  Compl. ¶ 91; Paper No. 26, Ex. D.  On April 15, 2008, Taccino filed a claim against the estate of E. Dale Miller ("the Estate") for $72,957.00 or return of the Property to his possession.  Compl. ¶ 100; Paper No. 26, Ex. F at 5-7.

On August 4, 2008, Taccino called the Dave Norman Radio Show to discuss the Allegany County budget.  Compl. ¶ 103.  After speaking with Aydelotte--a.k.a. the host "Dave Norman"--for several minutes, Taccino identified himself as "Bill Taccino" to which Aydelotte responded "You're a nut" and terminated the conversation.  *Id*.  On August 8, 2008, the day

3

after a public meeting to discuss the Allegany County budget and related issues, Aydelotte stated on the radio that "some of the worst people and citizens of Allegany County were . . . at th[at] meeting, including the Taccinos." *Id.* ¶¶ 104-105.

On November 21, 2008, the Allegany County Commissioners bought the Property from the Estate. Compl. ¶ 117. Taccino received notice of the disallowance of his claim against the Estate on December 24, 2008. Compl. ¶ 118; Paper No. 26, Ex. F at 1. On February 13, 2009, Taccino filed a petition in the Orphans Court for Allegany County to allow his claim. Compl. ¶ 121; Paper No. 26, Ex. F at 1. On May 8, 2009, the Orphans Court sustained the Estate's disallowance of Taccino's claim. Paper No. 26, Ex. G. On June 30, 2009, Taccino appealed that decision to the Circuit Court for Allegany County. *Id.* at Ex. I.

On October 30, 2009, Taccino filed this complaint. Paper No. 1. On December 21, 2009, the Circuit Court for Allegany County affirmed the decision to disallow Taccino's claim against the Estate. Paper No. 26, Ex. I. Motions to dismiss or for summary judgment were filed by: (1) Aydelotte and CBC on January 13, 2010, Paper No. 19; (2) Miller, LaVale, Yockus, Joy, and Jiffy Lube on February 12, 2010, Paper No. 26; (3) the Allegany County Defendants on February 15, 2010, Paper No. 27; and (4) Malec and the Tri-County Council on February 23, 2010, Paper No.

30. On February 16, 2010, Aydelotte and CBC moved for sanctions against Taccino. Paper No. 28.

On March 23, 2010, Taccino moved to strike exhibits from Aydelotte and CBC's motion to dismiss or for summary judgment. Paper No. 43. On April 8, 2010, Taccino moved for sanctions against Miller and his attorney. Paper No. 44 at 7. On April 13, 2010, Miller, LaVale, Yockus, Joy, and Jiffy Lube moved for sanctions against Taccino. Paper No. 46.

On July 12, 2010, the Court granted Taccino's request to dismiss the claims against Tri-County Council and Malec and ordered Taccino to respond to the pending motions by July 23, 2010. Paper No. 55. On July 27, 2010, Taccino moved for voluntary dismissal of the Allegany County Defendants. Paper No. 56. Taccino has not responded to the motion to dismiss or for summary judgment filed by Miller, LaVale, Yockus, Joy, and Jiffy Lube. *See* Paper No. 57 ¶ 3.[3]

II. Analysis

    A. Voluntary Dismissal

Taccino moved for voluntary dismissal of the Allegany County Defendants. Paper No. 56. Under Rule 41(a), after an opposing party serves either an answer or a motion for summary

---

[3] Miller, LaVale, Yockus, Joy, Jiffy Lube, CBC, and Aydelotte have requested hearings on their motions. Paper Nos. 57 & 58. Because a hearing is unnecessary to resolve the pending motions, those requests will be denied. *See* Local Rule 105.6.

5

judgment, the plaintiff may dismiss an action "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because none of the Allegany County Defendants has opposed the motion for voluntary dismissal,[4] the Court will dismiss the claims against those defendants with prejudice.[5]

B. Motions to Dismiss or for Summary Judgment

1. Standards of Review

a. Rule 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim

---

[4] The Allegany County Defendants do not oppose dismissal of the claims against them with prejudice. *See* Paper No. 59 ¶ 7.

[5] Accordingly, Counts 1-3, 10-26, 35, and 38-39 will be dismissed as moot, and Counts 36-37 will be dismissed as to the Allegany County Defendants.

6

advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts as pleaded must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id*. at 1950 (*citing* Fed. R. Civ. P. 8(a)(2)). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id*. (internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact,

7

or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

    b. Rule 56

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

## 2. CBC and Aydelotte's Motion to Dismiss or for Summary Judgment[6]

### a. First Amendment: Freedom of Speech

In Counts 4 and 7, Taccino alleges that CBC and Aydelotte violated his First Amendment right to freedom of speech by terminating his live radio conversation with "Dave Norman" on August 4, 2008. Compl. ¶ 130. The First Amendment is a "limitation[] on state action, not on action by the owner of private property used only for private purposes." *Central Hardware Co. v. N.L.R.B.*, 407 U.S. 539, 547 (1972).[7] Because Taccino failed to allege that the decision to terminate his radio conversation--or any other conduct by CBC or Aydelotte-- was state action, Counts 4 and 7 will be dismissed.

### b. Slander and Defamation of Character

Counts 5 and 6 of the complaint allege that Aydelotte's live radio comments that Taccino was "a nut" and that the Taccinos were among the "the worst citizens of Allegany County" were slanderous and defamatory. Compl. ¶¶ 132, 134. Under

---

[6] Taccino moved to strike from CBC and Aydelotte's motion argument and exhibits related to other cases that he has filed. *See* Paper No. 43 at 7. Because the account of Taccino's previous litigation is helpful historical information, the motion to strike will be denied.

[7] *See also Kidwell v. Transp. Commc'ns Int'l Union*, 946 F.2d 283, 297 (4th Cir. 1991) (a First Amendment claim requires state action).

Maryland law, a defamation claim[8] must "be filed within one year from the date it accrues." Md. Code Ann., Cts. & Jud. Proc. § 5-105. A cause of action for defamation accrues "when the plaintiff knew, or reasonably should have known of the wrong." *Pennwalt Corp. v. Nasios*, 314 Md. 433, 550 A.2d 1155, 1165-66 (1988).

Taccino alleges that the defamatory comments were made on August 4, 2008 and August 8, 2008. Compl. ¶¶ 103-105.[9] He did not file his complaint until October 30, 2009. Because Taccino filed his defamation claims outside the limitations period, Counts 5 and 6 will be dismissed.

> 3. LaVale, Yockus, Miller, Jiffy Lube, and Joy's Motion to Dismiss or for Summary Judgment
>
>    a. Breach of Contract Claims Against Miller

Counts 27 and 28 allege that E. Dale Miller, or a representative of his estate, breached the Purchase Contract by

---

[8] In Maryland, "defamation" includes claims for libel and slander. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105.

[9] The "You're a nut" comment was allegedly made directly to Taccino on the Dave Norman Show on August 4, 2008; thus, Taccino's claim accrued on that date. Similarly, the comment about the Taccino family was allegedly made on August 8, 2008, and there is no allegation that there was a delay in Taccino's discovery of that comment; thus, his claim based on that comment also accrued on the date it was made. *See Shepard v. Nabb*, 84 Md. App. 687, 581 A.2d 839, 844 (Md. Ct. Spec. App. 1990) (finding that a claim for defamation accrued on the date the article was published when "there [was] no allegation in the Complaint . . . that [the plaintiff] did not . . . become aware of the article" on the date it was published).

attempting to collect the balance due on the note, ordering Taccino to vacate the Property, and reselling the Property. Compl. ¶¶ 175, 177. Miller argues that these claims are barred by res judicata because they were previously litigated and resolved in the Orphans Court for Allegany County and Circuit Court for Allegany County. Paper No. 26 at 5-6.

Res judicata, or claim preclusion, bars relitigation of a claim that was decided or could have been decided in the original suit.[10] In Maryland, *res judicata* applies when (1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits. *Norville*, 887 A.2d at 1037. The purpose of *res judicata* is to avoid "the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[] reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Murray Int'l Freight Corp. v. Graham*, 315 Md. 543, 555 A.2d 502, 503-04 (Md. 1989) (internal quotation omitted).

---

[10] *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 570 (D. Md. 2000); *see also Anne Arundel County Bd. of Educ. V. Norville*, 390 Md. 93, 887 A.2d 1029, 1037 (Md. 2005). "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008).

Miller asserts that Taccino previously brought identical breach of contract claims against the Estate of E. Dale Miller, which were disallowed by the Orphans Court for Allegany County and denied on appeal by the Circuit Court for Allegany County. Paper No. 26 at 6, Exs. F-I. By not opposing Miller's motion, Taccino has manifest his assent to these facts. *See United States v. Painter*, No. 5:08cv00093, 2009 WL 3135436, at *2 (W.D. Va. 2009). Accordingly, Counts 27 and 28 are barred by res judicata.

### b. Aiding and Abetting

Civil liability for aiding and abetting is recognized in Maryland. *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 565 (D. Md. 2009) (*quoting Alleco, Inc. v. Harry & Jeanette Weinberg Found.*, 340 Md. 176, 665 A.2d 1038, 1050 (Md. 1995)). There must be "underlying tortious activity in order for the alleged aider and abettor to be held liable." *Alleco*, 665 A.2d at 1050. Because "tort liability for aiding and abetting can only exist whe[n] someone has committed that actual tort," insufficient allegations of the underlying tort warrant dismissal of claims for aiding and abetting. *Id*.

In Counts 27-34, Taccino alleges that Miller, LaVale, Jiffy Lube, and Joy aided and abetted in the "wrongful, illegal, and fraudulent" acquisition and sale of the Property by the Allegany County Defendants. Compl. ¶¶ 179, 181, 183, 185, 187. As

12

Taccino's allegations are insufficient to support a claim for fraud,[11] his claims for aiding and abetting based on that underlying tort must fail. Counts 27-34 will be dismissed.[12]

        c.   Civil Conspiracy Against All Defendants

Counts 36 and 37 allege that "all [the] defendants . . . were directly or indirectly contributing to a conspiracy against [Taccino by] fraudulent theft by scheme of [his] property." Compl. ¶¶ 193-195. In Maryland, a civil conspiracy claim must allege: (1) an agreement or understanding of two or more persons; (2) an unlawful or tortious act done in furtherance of the conspiracy, or use of unlawful or tortious means to accomplish an act not itself illegal; and (3) actual damages suffered by the plaintiff. *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 916 A.2d 257, 284 (Md. 2007) (internal quotation omitted). Like aiding and abetting, "'conspiracy' is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Id.* (internal quotation omitted). As stated above, vague

---

[11] Under Fed. R. Civ. P. 9(b), an allegation of fraud "must state with particularity the circumstances constituting fraud[.]"

[12] In Count 33, Taccino also alleged that Jiffy Lube and Joy "intentionally bore false witness" against Taccino "at the January 28, 2008 trial." Compl. ¶ 187. Because statements made during a judicial proceeding cannot serve as a basis for a defamation claim under Maryland law, *see Odyniec v. Schneider*, 322 Md. 520, 588 A.2d 786, 789 (Md. 1991), this alleged conduct is also insufficient to support a claim for aiding and abetting.

13

allegations of "fraud" do not state a claim; thus, they cannot support a conspiracy claim.  Accordingly, Counts 36 and 37 must be dismissed.

C. Motions for Sanctions[13]

Under Fed. R. Civ. P. 11(b), an attorney or unrepresented party certifies to the court that to the best of his "knowledge, information, and belief" formed after a reasonable inquiry: (1) the action is not being presented for an improper purpose, (2) the legal contentions are warranted, (3) the facts alleged have or will have evidentiary support, and (4) denials of facts are based on evidence or lack of knowledge.  *See* Fed. R. Civ. P. 11(b).  "[I]mproper purpose may be inferred from a claim's lack of factual or legal foundation or other factors such as the timing of filing of the complaint."  *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 313 (E.D. Va. 2004) (*citing In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990)).  Rule 11(c) allows attorneys and parties to be sanctioned for Part (b) violations.[14]

---

[13] All of the pending motions for sanctions have been filed pursuant to Fed. R. Civ. P. 11.

[14] Rule 11's "safe harbor" provision requires a party seeking sanctions to serve the Rule 11 motion at least 21 days before filing it; this provides an opportunity for withdrawal or correction of the challenged pleading.  Fed. R. Civ. P. 11(c)(2).  The safe harbor defense is waived if not properly asserted.  *Bond v. Blum*, 317 F.3d 385, 400 (4th Cir. 2003)(*citing Rector v. Approved Fed. Savings Bank*, 265 F.3d 248

14

1. Motion for Sanctions by CBC and Aydelotte

CBC and Aydelotte argue that the law does not support Taccino's "frivolous" claims. Paper No. 28 ¶ 8. Restating the legal arguments made in their motion to dismiss or for summary judgment and noting that Taccino is a frequent litigant in Maryland courts, CBC and Aydelotte argue that sanctions are appropriate to deter Taccino from repetition of his misconduct. Paper No. 29 at 1-2. Incorporating by reference the arguments from his opposition to CBC and Ayedelotte's motion to dismiss or for summary judgment, Taccino denies that his claims are frivolous. Paper No. 43 at 9. Because Taccino filed a meaningful--although legally incorrect--response to CBC and Aydelotte's motion, the Court will not infer improper purpose based on his failed legal arguments; this motion for sanctions will be denied.

2. Motions for Sanctions by Taccino and by Miller, LaVale, Yockus, Joy, and Jiffy Lube

On April 8, 2010, Taccino moved for sanctions against Miller and his attorney, incorporating by reference allegations of ethical violations from his motion to extend time. Paper No. 44 at 7. These alleged "violations" are based on Taccino's belief that the lawsuit filed against him by Miller on January

---

(4th Cir. 2001)). Having failed to raise it in their oppositions, Taccino and Miller have waived the safe harbor defense.

11, 2010 in federal district court--alleging breach of the Agreement to purchase the Property--was "unprofessional" and "unethical." *Id*. at 2-3. Rejecting these arguments, the Court denied Taccino's motion to extend time by Marginal Order. Paper No. 48. On April 13, 2010, Miller, LaVale, Yockus, Joy, and Jiffy Lube moved for sanctions based on Taccino's "unjustified Motion for Sanctions and for filing pleadings . . . lack[ing] any factual support." Paper No. 46 at 3.

Under Local Rule 105.8.a, "[t]he Court expects that motions for sanctions will *not* be filed as a matter of course" and "will consider, in appropriate cases, imposing sanctions upon parties who file unjustified sanctions motions." (emphasis added). As explained above, Taccino's claims are lacking in legal and evidentiary support,[15] and his motion for sanctions against Miller is wholly without merit. He also ignored this Court's July 12, 2010 Order, directing him to respond to Miller, LaVale, Yockus, Joy, and Jiffy Lube's motion to dismiss or for summary judgment. Accordingly, improper purpose may be inferred from the lack of factual support for Taccino's claims, his baseless motion for sanctions against Miller, and his failure to respond

---

[15] In deposition testimony, Taccino admitted that he did not pay money due under the Agreement yet retained possession of the Property for almost a year after his last payment.

16

to the motion to dismiss or for summary judgment filed by Miller, LaVale, Yockus, Joy, and Jiffy Lube.

The Court has discretion in determining the appropriate amount of sanctions for violations of Rule 11. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amends. Because "the purpose of Rule 11 sanctions is to deter rather than to compensate . . . if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." *Id*. To deter future misconduct, the Court will impose a penalty of $100 on Taccino payable to the Clerk of Court within 30 days from the date of the Order.[16]

III. Conclusion

For the reasons stated above, Aydelotte and CBC's motion to dismiss or for summary judgment will be granted, and their motion for sanctions will be denied. Miller, LaVale, Yockus, Joy, and Jiffy Lube's motion to dismiss or for summary judgment and their motion for sanctions will be granted. Taccino's motion for voluntary dismissal of the Allegany County Defendants will be granted, and the Allegany County Defendants' motion to dismiss or for summary judgment will be denied as moot. Taccino's motions to strike and for sanctions will be denied.

---

[16] In determining the amount of sanctions to impose, the Court considered that Taccino was granted leave to proceed *in forma pauperis*. *See* Paper No. 4.

The requests for hearing on the pending motions will be denied as moot.

August 11, 2010             _____/s/_____
Date                        William D. Quarles, Jr.
                            United States District Judge